UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MITCHELL,

    Plaintiff,

v

COUNTY OF WAYNE, KAREN KREYGER, and HAROLD CURETON,

    Defendants.
_____/

JUDGE : Zatkoff, Lawrence P.
DECK : S. Division Civil Deck
DATE : 09/27/2005 @ 15:37:53
CASE NUMBER : 2:05CV73698
CMP MITCHELL V. WAYNE COUNTY ET AL (DA) SI

LAWRENCE J. DEBRINCAT (P43338)
DeBrincat and Padgett
Attorney for Plaintiff
34705 W. Twelve Mile Road, Suite 311
Farmington Hills, Michigan 48331
(248) 848-7878
_____/

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff Robert Mitchell, by and through his attorney, Lawrence J. DeBrincat, and for his Complaint states as follows:

### COUNT I

1. This is an action for violations of the Family Medical Leave Act of 1993 (FMLA), 29 U.S.C. 2601 et seq.

2. This Court has jurisdiction pursuant to 28 U.S.C. 1331.

3. Plaintiff is a citizen of the United States in the state of Michigan and resides in Trenton, Michigan.

4. Defendant Wayne County is a public body which is located in and operates out of Wayne County, Michigan.

5. Defendant Karen Kreyger was at all relevant times herein a commanding officer for Defendant Wayne County and acted as an agent for the County with respect to her actions and decisions related to Plaintiff's employment.

6. Defendant Harold Cureton was at all relevant times the Undersheriff of Wayne County and acted as an agent for the County with respect to his actions and decisions related to Plaintiffs employment.

7. Plaintiff is an eligible employee as defined by the FMLA.

8. Defendants are employers as defined by the FMLA.

9. The events giving rise to the cause of action occurred within the County of Wayne, Michigan.

10. Plaintiff was employed as an officer by Defendant from 1993 to April 2005.

11. On or about July, 2004 Plaintiff suffered a severe back injury which required a leave of absence from his employment with the County.

12. On or about October, 2004, Plaintiff reinjured his back and was again forced to take leave from his employment with the County due to his back.

13. On or about February 22, 2005, Plaintiff slipped and fell on the steps of his residence, landing on his back and re-aggravating his severe back injury.

14. That as a result of this injury, Plaintiff was virtually unable to move and was determined to be incapacitated.

15. That, as a further result, Plaintiff was required to take medical leave from his employment with the County.

16. On February 23, 2005, Plaintiff notified his employer of his need to take time off for treatment and care for this serious health condition.

17. Plaintiff submitted a request for Family Medical Leave Act leave with the County.

18. The medical documentation in support of his request for leave indicated that Officer Mitchell was incapacitated.

19. Defendant Wayne County approved Plaintiff's leave request for the period of February 23, 2005 through March 14, 2005.

20. On or about March 7, 2005, Plaintiff was notified, through Defendant Karen Kreyger of the Wayne County Sheriff's Department, that a conduct incident report would be issued against him for his failure to appear for a random drug test on February 23, 2005.

21. Defendant Kreyger made the decision to and, in fact did, relieve Plaintiff of all of his police powers and had his badge and gun taken from him on or about March 7, 2005.

22. On or about March 14, 2005, Plaintiff's back condition had not sufficiently improved to permit him to return to work.

23. On or about March 14, 2005, Plaintiff submitted a request for an extension of his medical leave due to his back injury.

24. Plaintiff's requested extension was for the period of March 14, 2005 through March 23, 2005.

25. Plaintiff submitted an extension request along with medical documentation

supporting his request for an extension.

26. Plaintiff's request for an extension of leave was approved by the employer.

27. Plaintiff returned to work on or about March 24, 2005.

28. Upon his return to work, Defendant Kreyger placed Plaintiff on suspension pending an investigation for failing to appear for a drug test on February 23, 2005.

29. An administrative review hearing took place on our about April 1, 2005, regarding the status of Plaintiff's employment.

30. On or about April 1, 2005, Defendants Cureton and Kreyger terminated Plaintiff's employment allegedly for failing to appear for a drug test on February 23, 2005.

31. In failing to restore Plaintiff to his previous position, or an equivalent position with equivalent employment benefits, pay and other terms and conditions of employment upon his return from leave, Defendants violated Plaintiff's rights under FMLA, 29 U.S.C. 2601 et seq.

32. Defendants have interfered with Plaintiff's rights under the FMLA and have retaliated against Plaintiff for exercising his rights under the Act.

33. That Defendants' actions herein are a violation of FMLA 29 U.S.C. 2601 et seq.

34. As a direct approximate result of Defendants' actions, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities.

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

I. Legal Relief.

    a. Compensatory damages in whatever amount he is found to be entitled.

    b. Liquidated damages in whatever amount he is found to be entitled.

    c. An award of interest, costs, and reasonable attorney's fees and expert witness fees.

II. Equitable Relief.

    a. An order reinstating Plaintiff to an appropriate position with Defendant.

    b. An injunction prohibiting an further action, wrongdoing, discrimination, or retaliation.

    c. Whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT II

35. Plaintiff restates the allegations contained in paragraphs 1 through 24 as if fully stated herein.

36. At all material times Plaintiff performed his job duties in a manner that were satisfactory or better.

37. Plaintiff has a history of severe back problems which have for extended periods severely limited his mobility.

38. That Defendant was aware of the back injuries sustained by Plaintiff and the persistent problems Plaintiff was experiencing as a result.

39. Plaintiff has a disability for purposes of MCL 37.1103.

40. That at all relevant times Defendants were Employers under MCL 37.1201.

41. On or about February 23, 2005, Defendant was aware of Plaintiff's disability.

42. As a result of this disability, Plaintiff required leave of his employment from February 23 through March 23, 2005.

43. On February 22, 2005, Defendant issued a notice to Plaintiff to be drug tested on February 23, 2005.

44. Due to Plaintiff's disability, Plaintiff was unable to appear for the scheduled drug test on February 23, 2005.

45. Defendants failed to accommodate Plaintiff's inability to appear for the drug test of February 23, 2005.

46. Rather than accommodate Plaintiff as required under MCL 37.1101 et seq., Defendants terminated Plaintiff's employment on or about April 1, 2005.

47. That said termination of Plaintiff's employment is a violation of the Persons With Disabilities Civil Rights Act, MCL 31.1101, et seq.

48. Defendants' actions herein constitute retaliation against and interference with Plaintiff's rights under the Persons With Disabilities Civil Rights Act, MCL 37.1101, et seq.

49. Plaintiff was discriminated against within the meaning of the Persons With Disabilities Civil Rights Act when Defendant terminated Plaintiff's employment because of his disability.

50. Plaintiff's disability was the determining factor in Defendant's decision to terminate Plaintiff and preclude him from returning to work.

51. The actions of Defendants and their agents, representatives and employees were an intentional disregard for the rights and sensibilities of Plaintiff.

52. As a direct and proximate result of Defendants' unlawful discrimination, retaliation, and interference, Plaintiff has sustained injuries, included the loss of earnings and earning capacity; loss of fringe and pension benefits; mental and emotional distress; humiliation and embarrassment; loss of career opportunities; and loss of the ordinary pleasures of every day life, including the right to seek and pursue a gainful occupation of choice.

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

I. Legal Relief.

   a. Compensatory damages in whatever amount that Plaintiff is found to be entitled.

   b. An award of back pay and the value of lost fringe benefits and pension benefits, past and future.

   c. Exemplary damages whatever amount Plaintiff is found to be entitled.

   d. An award of interests, costs, and reasonable attorney's fees.

II. Equitable Relief.

   a. An order placing Plaintiff in the position he would have held had their been no violation of his rights.

   b. An award of interest, costs, and reasonable attorney's fees.

   c. An ordering enjoining Defendants from further acts of discrimination and retaliation.

   d. Whatever other relief appears appropriate at the time of final judgment.

 e. Whatever other relief may appear appropriate when this Court's final order is entered.

Respectfully submitted,

*[signature]*

Lawrence J. DeBrincat (P43338)
DeBrincat and Padgett
Attorney for Plaintiff
34705 W. Twelve Mile Road, Suite 311
Farmington Hills, Michigan 48331
(248) 848-7878

Dated: September 26, 2005

## JURY DEMAND

Plaintiff hereby requests a trial by jury in this matter.

Respectfully submitted,

*[signature]*

Lawrence J. DeBrincat (P43338)
DeBrincat and Padgett
Attorney for Plaintiff
34705 W. Twelve Mile Road, Suite 311
Farmington Hills, Michigan 48331
(248) 848-7878

Dated: September 26, 2005

# CIVIL COVER SHEET

County in which this action arose __WAYNE__

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**05-73698**

## I. (a) PLAINTIFFS
ROBERT MITCHELL

## DEFENDANTS
WAYNE COUNTY, HAROLD CURETON, and KAREN KREYGER

**(b)** County of Residence of First Listed Plaintiff __WAYNE__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __WAYNE__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LAWRENCE J. DEBRINCAT, DEBRINCAT AND PADGETT
34705 W. 12 MILE ROAD, SUITE 311, FARMINGTON HILLS, MI 48331
(248) 848-7878

Attorneys (If Known) LAWRENCE P. ZATKOFF
LPZ/73698/46
MAGISTRATE JUDGE CAPEL

## II. BASIS OF JURISDICTION (Select One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(Select One Box for Plaintiff and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ■ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Select One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
FAMILY MEDICAL LEAVE ACT, 29 U.S.C. 2601, ET SEQ.

Brief description of cause:
UNLAWFUL TERMINATION.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $100,000+reinstatement

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: September 27, 2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?   ☐ Yes   ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes   ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :