**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT MITCHELL,

    Plaintiff,                                    Hon. Lawrence J. Zatkoff

vs.                                                  Case No. 05 - 73698

COUNTY OF WAYNE, KAREN
KREYGER and HAROLD CURETON,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on March 5, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendants' Motion for Summary Judgment and/or for Judgment as a Matter of Law (Docket #30).  The period for filing a response has not expired, and Plaintiff has not yet filed a response.  In this case, however, because (1) the first day of trial is but 10 days away, (2) the period within which Plaintiff is entitled to respond to Defendant's Motion does not expire until about the day before trial is to commence, (3) the principles of law are clear, and (4) the Court's ruling will favor (and not prejudice) Plaintiff, the Court shall decide the case without waiting for Plaintiff's response.  The Court finds that the facts and legal arguments pertinent to Defendants' Motion are adequately presented in Defendants' filings, and the decisional process will not be aided by oral arguments.  Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the brief submitted, without this Court entertaining oral

arguments. For the reasons that follow, Defendants' Motion for Summary Judgment and/or for Judgment as a Matter of Law is DENIED.

## II.  BACKGROUND

On September 27, 2005, Plaintiff filed his initial lawsuit involving the subject matter of this action. The lawsuit was filed in this Court and alleged that Defendants violated his rights under the Family Medical Leave Act ("FMLA"), a federal statute, and the Persons with Disabilities Civil Rights Act ("PWDCRA"), a state law claim. On October 14, 2005, the Court *sua sponte* dismissed Plaintiff's PWDCRA claim when it elected not to exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367. On October 18, 2005, Plaintiff filed a single count complaint in Wayne County Circuit Court, alleging Defendants violated the PWDCRA. Since then, Plaintiff has pursued his PWDCRA and FMLA claims, each of which is based on virtually identical allegations, in the parallel forums. On December 8, 2006, this Court denied Defendants' motion for summary judgment. On January 4, 2007, this Court held a Final Pre-Trial Conference in this case, and on February 21, 2007, this Court issued an Order regarding trial matters.

On January 29, 2006, the state court granted Defendants' motion for summary disposition on the PWDCRA claim, and Plaintiff's state court action was dismissed with prejudice. On February 21, 2007, Defendants filed the instant motion, asserting that Plaintiff's FMLA claim in this Court is now barred by the doctrine of *res judicata* and the Full Faith and Credit Act, 28 U.S.C. § 1738.

## III.  APPLICABLE LAW

The Full Faith and Credit Act provides, in relevant part, that "the records and judicial proceedings of any court of any . . . State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of the state from which they are taken." *U.S. v. Dominguez*, 359 F.3d 839, 842 (6th Cir. 2004). Under Michigan law, a final judgment on the merits bars a subsequent suit involving the same transaction or occurrence and the same parties. *See, e.g., Sewell v. Clean Cut Mgt., Inc.*, 463 Mich. 569 (2001).

*Res judicata* will apply if (1) the prior action was decided on the merits; (2) the decree in the prior action was a final decision; (3) the matter contested in the second case was or could have been resolved in the first; and (4) both actions involved the same parties or their privies. *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich.App. 1, 10 (2003). Michigan courts have broadly defined *res judicata* to bar litigation in the second action not only of those claims actually litigated in the first action, but also every claim arising out of the same transaction that the parties, exercising reasonable diligence, could have litigated but did not. *Sewell*, 463 Mich. at 575; *Peterson*, 259 Mich.App. at 11. The test for determining whether two claims arise out of the same transaction or occurrence for *res judicata* purposes is whether the same facts or evidence are essential to the maintenance of the two actions. *Jones v. State Farm Mut. Ins. Co.*, 202 Mich.App. 393, 401 (1993).

Finally, it is a general rule of law that when two actions are proceeding simultaneously, "the first judgment entered must be regarded as res judicata in the remaining case." *Hilman v. American Axle Mfg., Inc.*, 2006 WL 45420 at *3 (E.D. Mich. 2006) (Cleland, J.) (citing *Lesher v. Lavrich*, 784 F.2d 193, 196 (6th Cir. 1986)).

## IV. ANALYSIS

As Defendants assert, the state court action (1) was decided on the merits, (2) constitutes a final judgment, (3) arose out of the same transaction and/or occurrence as the FMLA claim before this Court, and (4) involved the same parties. Defendants therefore contend that because the FMLA claim before this Court could have been resolved in the state court action, it should be barred by *res judicata*. In support of their position, Defendants rely on *Hilman, supra*, and assert that the instant case is analogous. Defendants argue that the only distinction between *Hilman* and the instant case is a procedural one. Defendants assert that the *Hilman* case involved a complaint (a) filed in state court (b) temporarily removed to the Eastern District of Michigan (c) then remanded to state court, all of which was then followed by the filing of a wholly separate FMLA lawsuit in federal court. Defendants believe that nothing precluded Plaintiff from bringing an FMLA claim in the state court complaint and that, by failing to bring his FMLA claim in state court, Plaintiff chose to split his claims in state and federal court. Therefore, Defendants conclude, the final judgment in state court operates as a bar to a determination of the FMLA claim before this Court.

The Court first finds that Defendants oversimplify the facts of the *Hilman* case. In that case, the plaintiff initially filed a complaint in state court asserting three federal law claims (none of which was an FMLA claim) and one state law claim. After the case was removed to federal court, the plaintiff *voluntarily dismissed* the three federal claims and the remainder of the case (one state law claim) was remanded to state court. Subsequently, the plaintiff filed an FMLA claim in federal court. As such, the plaintiff in *Hilman* truly did file his FMLA claim after he had filed a prior action; in fact he had filed a prior action not once, but twice. Thus, the facts of *Hilman* are significantly different than the facts of this case.

Here, there was no "prior action" filed. Plaintiff initially filed a single action in federal court that included the PWDCRA claim and the FMLA claim. At that point, the Court, on its own and against the wishes of Plaintiff, dismissed Plaintiff's state law claim. As such, contrary to Defendants' assertion, Plaintiff did not chose to split his claims in state and federal court. Rather, Plaintiff had no option as to how to pursue his state and federal claims. Although Plaintiff was not technically precluded from dismissing his FMLA claim in federal court and filing it in state court along with the PWDCRA claim, the Court is convinced that effort would have been fruitless. Defendants simply would have removed the FMLA claim to this Court, and Plaintiff would be right back in the same situation the Court faces now.

Finally, and most significantly, it is a recognized principle of law that, where there are parallel actions, the first judgment will not be considered *res judicata* as to the remaining case:

> If the federal court refuses to accept supplemental jurisdiction - or if the state court in the second action is convinced that the federal court would have refused to exercise supplemental jurisdiction if asked - there would be no preclusion of a subsequent state proceeding. **For that matter, conclusion of state-court proceedings on the state claim will not preclude pursuit of the federal claim in federal proceedings that continue after the denial of supplemental jurisdiction.**

*Wright, Miller & Cooper*, Fed. Practice & Proc. §4412 (text and notes 20 and 21).

For the reasons stated above, the Court concludes that *res judicata* and the Full Faith and Credit Act do not operate to bar Plaintiff's FMLA claim presently before this Court.

## V.  CONCLUSION

5

Accordingly, and for the reasons set forth above, Defendants' Motion for Summary Judgment and/or for Judgment as a Matter of Law is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  March 5, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 5, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290