UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MITCHELL,

    Plaintiff,

                                            Hon. Lawrence J. Zatkoff

vs.                                                  Case No. 05-73698

COUNTY OF WAYNE,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on May 16, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Judgment as a Matter of Law and/or a New Trial (Docket #45). Defendant has filed a response, and Plaintiff has replied. The Court finds that the facts and legal arguments pertinent to the Plaintiff's Motion are adequately presented in the parties' papers, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Plaintiff's Motion is DENIED.

**II. BACKGROUND**

Plaintiff is a former Deputy for the Wayne County Sheriff's Department (the "Defendant"). He was hired on January 19, 1993, and his employment with the Defendant was terminated on April 1, 2005, by Harold Cureton, the Undersheriff for the Defendant ("Cureton"), and Karen Kreyger, a Commander for the Department ("Kreyger"). Plaintiff claimed that his termination was in violation of the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. Defendant asserted that Plaintiff was terminated for Violating Standards of Conduct–specifically, 2.0 Violation of Rules, 5.110 Unsatisfactory Performances, and 5.60 Insubordination/Obeying Orders. The violations stem from Plaintiff's failure to "appear at Mercy Occupational Medical Services for a random drug screen scheduled for February 23, 2005 at 8:15 a.m."

On December 8, 2006, the Court issued an Opinion and Order denying Defendant's motion for summary judgment because there were genuine issues of material fact as to the basis for Plaintiff's termination. This case was tried before a jury on March 16, 20, 21 and 22, 2007, and the jury returned a verdict in favor of Defendant (the parties stipulated to the dismissal of former defendants Cureton and Kreyger at trial). As set forth on the Verdict Form, the jury answered "No" to both of the following questions:

1. Did Defendant interfere with Plaintiff's rights to medical leave under the FMLA or fail to reinstate Plaintiff at the conclusion of his leave, in violation of the FMLA?

2. Do you find that Defendant terminated Plaintiff in retaliation for exercising his rights to take medical leave under the FMLA?

Based on those answers, there were no additional questions for the jury to consider. Plaintiff timely filed the instant Motion for Judgment as a Matter of Law and/or a New Trial.

### III. STANDARD OF REVIEW

## A. Motion for a New Trial

Rule 59(a) of the Federal Rules of Civil Procedure states: "A new trial may be granted to all or any of the parties and on all or part of the issues (1) in any action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States ...." The Supreme Court has stated that the authority to grant new trials under Rule 59(a) "is large" and that authority to grant a new trial exists "if the verdict appears to [the judge] to be against the weight of the evidence." *Gasperini v. Ctr. for the Humanities, Inc.*, 518 U.S. 415, 433 (1996). Nonetheless, the motion should be denied if the verdict is one which could reasonably have been reached; and the verdict should not be considered unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable. *Walker v. Bain*, 257 F.3d 660, 670 (6th Cir. 2001).

## B. Judgment as a Matter of Law

Judgment as a matter of law is appropriate where, after a party has been fully heard on an issue, there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue. Fed. R. Civ. P. 50(a); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 236 (6th Cir. 2003). When reviewing a motion for a judgment as a matter of law based on insufficiency of the evidence, the court should not weigh the evidence, evaluate the credibility of witnesses, or substitute its judgment for that of the jury; rather, it must view the evidence in a light most favorable to the party against whom the motion is made, and give that party the benefit of all reasonable inferences. *Arban v. West Publ'g Corp.*, 345 F.3d 390, 401 (6th Cir. 2003). The motion should be granted "only if a complete absence of proof exists on a material issue in the action, or if no disputed issue of fact exists on which reasonable minds could differ." *Karam v. Sagemark Consulting, Inc.*, 383 F.3d 421,

3

426-27 (6th Cir. 2004) (quoting *LaPerriere v. Int'l Union UAW*, 348 F.3d 127, 132 (6th Cir. 2003)).

## IV.  ANALYSIS

In the Court's December 8, 2006, Opinion and Order, the Court set forth many facts, all of which were then construed in favor of the Plaintiff because Defendant was the moving party behind a Fed.R.Civ.P. 56 motion.  Of course, now that Plaintiff is the moving party behind the Motion for Judgment as a Matter of Law and/or for a New Trial, the presumption shifts such that the facts are to be construed in favor of the Defendant.  As set forth below, the Court is denying Plaintiff's motion for essentially the same reason that it denied Defendant's summary judgment motion, *i.e.*, the material facts of this case, and the conclusions to be drawn from them, are in dispute.  As such, the Court finds that the verdict rendered by the jury was not "against the weight of the evidence" and could reasonably have been reached because "disputed issue[s] of fact exist[ed] on which reasonable minds could differ." *See Gasperini, supra; Walker, supra; Karam, supra.*  The Court now briefly addresses each of Plaintiff's contentions.

### A.  Reinstatement of Plaintiff at the End of His Leave

Plaintiff argues that he is entitled to judgment as a matter of law and/or a new trial because Defendant failed to reinstate Plaintiff as required under the FMLA.  Plaintiff argues that the evidence at trial demonstrated that he was not reinstated to his position on March 24, 2005 (the day he was ready, willing and able to return to work), but was told to go home and wait for a phone call as to when he should return to work.  On March 25, 2005, he was told to report to the Defendant's Administrative Building and was suspended with pay upon doing so.  Plaintiff does not specifically state how this means he was not reinstated.

4

The Court finds Plaintiff's argument unpersuasive. Even if Plaintiff was not reinstated, Defendant contended that (1) Plaintiff was terminated because he didn't go to his drug test, and (2) Plaintiff would have lost his job for failure to take the drug test, even if he had not taken FMLA leave. The jury verdict demonstrates that the jury accepted the Defendant's position. The law in the Sixth Circuit is clear:

> An employee returning from FMLA leave is not entitled to restoration unless he would have continued to be employed if he had not taken FMLA leave. For instance, an employer need not restore an employee who would have lost his job or been laid off even if he had not taken FMLA leave.

*Hoge v. Honda of America, Mfg., Inc.*, 384 F.3d 238, 245 (6th Cir. 2004) (citations omitted). Accordingly, the Court cannot find as a matter of law that Plaintiff had a right to be reinstated, let alone conclude as a matter of law that Defendant should be liable for failing to reinstate Plaintiff. Furthermore, based on the evidence presented at trial, the jury could have reasonably reached the conclusion that Plaintiff was reinstated. Kreyger and others testified that Plaintiff was returned to his position, albeit on suspension with pay, once he was cleared to return to work by Dr. Liedel.

**B.     Termination Did Not Violate FMLA**

Plaintiff asserts that the evidence at trial clearly established that Plaintiff was terminated in violation of the FMLA because Kreyger testified that she thought Plaintiff was manipulating the system in using his FMLA leave and that his use of FMLA leave factored into her decision to terminate his employment. Plaintiff argues that this evidence constitutes a *per se* violation of the FMLA, although Plaintiff cites no authority for this position. Defendant counters that Kreyger testified that Plaintiff's FMLA leave played no role whatsoever in her decision to terminate Plaintiff's employment and that she would have taken the same action if Plaintiff had failed to

appear for the random drug screen on February 23, 2005, for any reason, including car trouble.

The parties' arguments illuminate why Plaintiff's motion for judgment as a matter of law and/or for a new trial lacks merit. The evidence on this issue was in dispute prior to and at trial. The issue was a question of fact for the jury to resolve and they did; in Defendant's favor. The evidence does not, as Plaintiff contends, support a judgment as a matter of law in Plaintiff's favor, or a serve as sufficient grounds for awarding a new trial.

**C.      Evidence of a Legitimate Basis for Plaintiff's Termination**

Plaintiff asserts that he is entitled to judgment as a matter of law or a new trial on his retaliation claim because there was no evidence presented which establishes a legitimate basis for termination. Plaintiff argues that there was no written policy which required him to contact someone in the event he was unable to appear for the test, nor any evidence of similarly situated employees who were terminated or disciplined for failure to make such a call after being ordered to appear for a random drug test. Plaintiff also argues that he made a call to his shift supervisor and advised him that he had a test in the morning. Again, as evidence of retaliation, Plaintiff primarily relies on the comments of Kreyger that she thought Plaintiff was manipulating the system and that she took the FMLA leave into account in terminating his employment.

For the reasons set forth above, Plaintiff's argument is without merit. Witness after witness took the stand and testified about the importance of the chain of command, the duty of officers to obey direct orders (including verbal orders) and the penalties for failing to follow direct orders. The evidence is undisputed that Plaintiff did not appear for the scheduled drug test on February 23, 2005. As such, the jury could have accepted Defendant's argument that Defendant terminated Plaintiff for failure to appear for his drug test and concluded that there was no retaliation by Defendant in

6

terminating Plaintiff.

D.     **Motions in Limine Regarding Past Discipline and Alcohol Use**

Plaintiff requests a new trial due to "the repeated violations of the Court's order to refrain from references to past disciplinary matters involving the Plaintiff as well as any evidence of prior alcohol usage by the Plaintiff." Plaintiff filed motion in limine to exclude evidence of his use of alcohol or drinking habits. The Court (1) granted the motion as far as the introduction of evidence of Plaintiff's drinking habits, (2) granted the motion as far as alcohol being evidence of why Plaintiff fell on February 22, 2005, and (3) abstained from deciding the issue pertaining to Defendant's claim that Plaintiff had a "subsequent admittedly sketchy memory of events." Plaintiff now argues that the "Court entered an order prohibiting the introduction of past alcohol use by Plaintiff" and Defendant "introduced this evidence to the jury in its cross-examination of the Plaintiff." Plaintiff argues this was overly prejudicial in this case which centered on Plaintiff's failure to appear for a random drug test.

The Defendant argues, however, and the Court's notes reveal, that alcohol was mentioned but one time during trial by defense counsel (as it pertained to a car accident in Alaska that occurred after Plaintiff's termination). Plaintiff objected and the Court sustained Plaintiff's objection. As such, there was no "evidence" of alcohol introduced at trial, only a lawyer's statement. As the Court recalls, the jury was instructed on at least two occasions (before opening statements and following the introduction of evidence) that lawyer's statements do not constitute evidence. More significantly, the single mention of the word alcohol (in a context unrelated to the taking of the drug test) was not "overly prejudicial" (or even prejudicial) in this case.

In a separate motion in limine, Plaintiff asked the Court to exclude evidence of his

7

disciplinary records. In summary, the Court denied Plaintiff's motion insofar as it sought a blanket exclusion of past disciplines and stated that the Court would address each instance of discipline as necessary at trial. At trial, despite defense counsel's repeated attempts, the Court sustained every objection raised by Plaintiff with respect to the attempted introduction of disciplinary issues against Plaintiff (other than his termination). As such, no "evidence" of past discipline was introduced at trial. Again, only statements of the defense attorney were even on the record. Accordingly, the Court does not find that such statements had a "chilling affect [sic] on Plaintiff's case before the jury [such that they] tainted Plaintiff's ability to have a fair trial in this matter."

## V. CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiff's Motion for Judgment as a Matter of Law and/or a New Trial is DENIED. Judgment in favor of Defendant shall be entered accordingly.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: May 16, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 16, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290