**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT MITCHELL,

      Plaintiff,

                                   Hon. Lawrence J. Zatkoff
vs.                               Case No. 05-73698

COUNTY OF WAYNE,

      Defendant.

_____/

**OPINION AND ORDER**

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Deny Defendant's Bill of Costs as Taxed by the Clerk (Docket #54).  Defendant has filed a response, and the period within which Plaintiff may reply has expired.  The Court finds that the facts and legal arguments pertinent to the Plaintiff's Motion are adequately presented in the parties' papers, and the decisional process will not be aided by oral arguments.  Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without this Court entertaining oral arguments.  For the reasons that follow, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

**II.  BACKGROUND**

In this FMLA cause of action, the case was tried before a jury on March 16, 20, 21 and 22, 2007.  The jury returned a verdict in favor of Defendant.  Following trial, Defendant filed a Bill of Costs in the aggregate amount of $628.24.  Plaintiff's Motion followed.

### III.  ANALYSIS

The Court has discretion to grant or disallow the costs requested by a party. *See, e.g., White and White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986).  In this case, Defendant seeks costs for three items: (1) witness fees for Harold Cureton ("Cureton") and Karen Kreyger ("Kreyger"), (2) fees for the transcript of Plaintiff's deposition, and (3) fees for the transcript of Kenneth Lockwood, Defendant's medical expert.  Plaintiff opposes the taxing of the costs for a number of reasons.

First, Plaintiff believes Defendants is improperly requesting witness fees for attendance at trial by Kreyger ($82.20) and Cureton ($69.58) on March 21, 2007.  Plaintiff argues that Kreyger and Cureton were still defendants in this matter on that date because a stipulation and order dismissing them was not entered until March 22, 2007.  Defendant argues that it is only seeking reimbursement for the days on which Kreyger and Cureton testified (not every day of the trial that Kreyger and Cureton attended).   Defendant also argues that it is seeking reimbursement for that testimony because it ensured that Kreyger and Cureton were available.

The Court finds that Plaintiff overlooks the fact that the parties stipulated to the dismissal of Cureton and Kreyger, on the record, the first day of trial (March 20, 2007).  As such, Kreyger and Cureton technically were witnesses (not parties) when they testified on March 21, 2007.  Notwithstanding that technicality, however, Kreyger and Cureton were parties throughout the case until the first day of trial, and Defendant's contention that they ensured that Kreyger and Cureton were available is erroneous.  Whether Cureton and Kreyger were witnesses or parties, they were obligated to (or the Court would have ordered them to) appear to testify in this case.  For the foregoing reasons, the Court does not believe it would be appropriate to tax Plaintiff for the cost of

Kreyger and Cureton appearing to testify. Accordingly, Plaintiff's Motion is GRANTED insofar as it relates to the costs associated with Kreyger and Cureton.

Second, Plaintiff argues that the transcript of the deposition of Kenneth Lockwood is not taxable because it was not used at trial; rather, Plaintiff contends that it was a transcript used primarily for trial preparation. In support of its argument, Plaintiff relies on the Court's ruling that only the videotape itself would be admitted as evidence and the fact that the written transcript of Lockwood's deposition was not admitted. Therefore, Plaintiff believes the $102.60 requested by the Defendant for the deposition transcript of Kenneth Lockwood should be denied. Defendant argues, and the Court agrees, that this transcript was for a *de bene esse* deposition, *i.e.*, its purpose was for trial, not simply trial preparation. In addition, the transcript was provided to the Court and court reporter. As such, the transcript was used at trial and the Court finds it reasonable for Defendant to seek payment for the cost of the Kenneth Lockwood transcript.

Third, Plaintiff objects to Defendant's request for costs of the transcript of the deposition of Plaintiff ($373.85). Plaintiff also asserts that the majority of the transcript was not used at the trial and was thus not a cost necessarily incurred with respect to these proceedings. Plaintiff argues that the extra copy was ordered by Defendant for its own convenience and Plaintiff should not have to pay for it. Defendant accurately notes that the Bill of Costs Handbook does not provide for pro-rating the amount of transcript used at trial. The Court also finds that the extra copy of the transcript was reasonably obtained because it was a "mini-script" version of the deposition transcript and it was used to (attempt to) impeach Plaintiff at trial. The Court therefore concludes that Defendant reasonably requested payment for the cost of Plaintiff's transcript.

Finally, Plaintiff asks the Court to consider that Plaintiff lost his position with the Defendant and was unable to find employment for the two year period preceding the trial in this matter. Defendant counters that if Plaintiff had prevailed at trial, Defendant would have been liable for Plaintiff's attorney fees and costs, an amount far in excess of that sought by Defendant here. Defendant maintains that the costs it seeks are truly a nominal amount, but one to which Defendant is entitled.

For the reasons set forth by Defendant, the Court is not persuaded that Plaintiff should be relieved of the costs associated with the Kenneth Lockwood transcript or the Plaintiff's transcript. Accordingly, the Court DENIES Plaintiff's Motion as it relates to the transcripts. Defendant shall be entitled to, and the Clerk of the Court shall tax Plaintiff, costs of $476.45.

## IV.  CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiff's Motion to Deny Defendant's Bill of Costs as Taxed by the Clerk is GRANTED IN PART and DENIED IN PART.  The Court ORDERS the Clerk of the Court to tax Plaintiff costs in the amount of $476.45.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  September 17, 2007

4

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 17, 2007.


s/Marie E. Verlinde               
Case Manager
(810) 984-3290